UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
:
EDWARD B. HUBBUCH, :
:
                             Plaintiff, :
: 25-CV-406 (VSB) (RWL)
        - against - :
: **ORDER**
:
CAPITAL ONE, N.A. *and* JOHN DOE :
STAFF ATTORNEY NO. 1, :
:
                       Defendants. :
:
----------------------------------------------------------X

VERNON S. BRODERICK, United States District Judge:

       Pro se Plaintiff Edward B. Hubbuch ("Hubbuch") brings two claims under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq.*, against Defendants Capital One, N.A. ("Capital One") and John Doe Staff Attorney No. 1. Hubbuch also moves for a temporary restraining order. For the reasons that follow, I hereby ADOPT in full Magistrate Judge Robert W. Lehrburger's Report and Recommendation ("Report" or "R&R"), which recommends granting Capital One's motion to dismiss, denying Hubbuch's motion for sanctions, and granting Hubbuch leave to replead. Because I find that Hubbuch does not show that he is likely to succeed on the merits, Hubbuch's motion for a temporary restraining order ("TRO") is DENIED.

    **I.**    **Background**

       On January 10, 2025, Hubbuch filed the instant lawsuit. (Doc. 1.) This case was reassigned from Chief Judge Laura T. Swain to me on January 22, 2025. The following day, I referred this case to Magistrate Judge Lehrburger for general pretrial management. (Doc. 7.)

       On February 10, 2025, Capital One moved to dismiss Plaintiff's complaint. (Doc. 25.)

On March 4, 2025, I referred the motion to dismiss to Magistrate Judge Lehrburger. (Doc. 35.) On March 7, 2025, Hubbuch moved for Rule 11 sanctions against Capital One's counsel. (Doc. 36.) On May 21, 2025, Hubbuch filed an emergency motion for a temporary restraining order. (Doc. 54.)

On June 11, 2025, Magistrate Judge Lehrburger issued a thorough 29-page Report and Recommendation recommending that Capital One's motion to dismiss be granted with leave to amend and that Hubbuch's motion for sanctions be denied. (Doc. 64 at 1.) Neither party filed any objections to the Report. On June 23, 2025, Hubbuch filed two documents related to his pending TRO, purporting to notify me of ongoing irreparable harm. (Docs. 65, 66).

On June 30, 2025, Hubbuch filed a document entitled "First Amended Complaint," (Doc. 67), accompanied by an exhibit, (Doc. 68). On July 2, 2025, Capital One filed a letter asserting that Hubbuch's purported amended complaint was procedurally improper. (Doc. 69.) On July 9, 2025, Magistrate Judge Lehrburger endorsed Capital One's letter, affirming that "[t]he First Amended Complaint and exhibits thereto are a nullity and require no response." (Doc. 70.) Later that day, Hubbuch filed a letter motion to expedite ruling on his motion for a TRO. (Doc. 71.) On July 14, 2025, Hubbuch filed a Notice of State Court Enforcement Motion Targeting Federal Claims, informing the Court that Funding Metrics LLC, the judgment creditor in a state court action, filed an enforcement action in state court. (Doc. 72.)

## II.     Report and Recommendation

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). "To accept the report and recommendation of a magistrate [judge], to which no timely objection has been made, a

district court need only satisfy itself that there is no clear error on the face of the record." *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985).

Although the Report explicitly provided that "the parties shall have fourteen (14) days to file written objections to this Report and Recommendation" and the "[f]ailure to file timely objections will result in a waiver of the right to object and will preclude appellate review," (Doc. 64 at 28–29), neither party filed an objection nor requested additional time to do so. I have reviewed Magistrate Judge Lehrburger's detailed and well-reasoned Report for clear error and, after careful review, find none. I therefore ADOPT the Report and Recommendation in its entirety.

### III.  Temporary Restraining Order

Hubbuch seeks a temporary restraining order enjoining Capital One from enforcing any portion of a specific state-court judgment or from freezing, garnishing, or withdrawing funds from Plaintiff's business account. (Doc. 54 at 6–7; *see also* Doc. 71 (Motion to Expedite Ruling on TRO).) "A plaintiff seeking a temporary restraining order must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Basank v. Decker*, 449 F. Supp. 3d 205, 210 (S.D.N.Y. 2020) (internal quotation marks omitted); *see also Starbucks Corp. v. McKinney*, 602 U.S. 339, 346 (2024). If I find that Plaintiff is not likely to succeed on the merits or that he is not likely to suffer irreparable harm, either finding will preclude the issuance of a TRO. *See Ferrelli v. Unified Ct. Sys.*, No. 22-CV-0068, 2022 WL 673863, at *9 (N.D.N.Y. Mar. 7, 2022) ("[L]ikelihood of success on the merits is a necessary precondition to the granting of a temporary restraining order or preliminary injunction."); *Reckitt Benckiser Inc. v. Motomco Ltd.*, 760 F. Supp. 2d 446, 453 (S.D.N.Y. 2011)

("If the movant fails to make a showing of irreparable harm, the motion for a preliminary injunction [or TRO] must fail."). As this motion is brought by a pro se litigant, it should be read "to raise the strongest arguments that [it] suggest[s]." *Brownell v. Krom*, 446 F.3d 305, 310 (2d Cir. 2006) (quoting *Jorgensen v. Epic/Sony Records*, 351 F.3d 46, 50 (2d Cir. 2003)).

Plaintiff cannot establish that he is likely to succeed on the merits of his TRO motion for the same reasons that Magistrate Judge Lehrburger recommended granting Capital One's motion to dismiss. Capital One was served with a Notice to Garnishee ("Notice") commanding Capital One, pursuant to New York law, to "transfer to the sheriff all personal property . . . in which [Hubbuch] is known or believed to have an interest now in or hereafter coming into your possession." (*See* Doc. 57 at 5–6.) The Notice also prohibits Capital One from "transfer[ing] . . . such property" until the judgment is satisfied or the expiration of ninety days. (*Id.* at 5.) As Magistrate Judge Lehrburger stated, "Capital One was required to comply with the Notice." (R&R at 21.) *See Sykes v. Bank of Am.*, 723 F.3d 399, 406 (2d Cir. 2013) ("A garnishee has no discretion to ignore a restraining notice that is valid on its face"); *CSX Transp., Inc. v. Island Rail Terminal, Inc.*, 879 F.3d 462, 472 (2d Cir. 2018) ("Garnishees … [are] not free to simply ignore the injunctive effect of the Restraining Notices"). As Hubbuch's business account had insufficient funds to satisfy the judgment, "Capital One was required to place temporary holds on both accounts in the amount of the deficiency so that future deposits could be applied towards the levy, not diverted." (R&R at 21 (citing NY CPLR § 5232).) Thus, Hubbuch cannot demonstrate that there is a valid basis in the law to enjoin Capital One from enforcing the state-court judgment entered in *Funding Metrics LLC v. Hubbuch, et al* (Kings County Index No. 533031/2024) by freezing or garnishing his business account. As Hubbuch cannot show that he is likely to succeed on the merits of his claims, his motion for a temporary restraining order is

DENIED.

### IV. Conclusion

I ADOPT Magistrate Judge Lehrburger's Report & Recommendation in full. Thus, Capital One's motion to dismiss is hereby GRANTED. Hubbuch's motion for Rule 11 sanctions is hereby DENIED. Hubbuch is granted leave to amend within thirty days, with the understanding that any amendment must cure the deficiencies identified in the Report and state a plausible claim for relief.[1] The Court is unlikely to permit further amendment.

Hubbuch's motion for a temporary restraining order is hereby DENIED. The Clerk of Court is respectfully directed to close Docs. 25, 36, 54, and 71.

SO ORDERED.

Dated: July 15, 2025
      New York, New York

_____
Vernon S. Broderick
United States District Judge

---

[1] On June 30, 2025, Hubbuch filed a document styled as a "First Amended Complaint." (Doc. 67.) As Magistrate Judge Lehrburger noted in his endorsement of Capital One's responsive letter, (Doc. 69), the First Amended Complete is procedurally improper and inoperative because I had not yet granted Hubbuch leave to amend, and therefore "[t]he First Amended Complaint and exhibits thereto are a nullity and require no response," (Doc. 70). Hubbuch will nonetheless be permitted to amend his complaint after the issuance of the instant Order permitting him to do so.