

October 2, 2025

**Via ECF:**
Hon. Vernon S. Broderick, U.S.D.J.
Hon. Robert W. Lehrburger, U.S.M.J.

   Re: *Hubbuch v. Capital One, N.A. et al*, Case No.: 25-cv-00406
     <u>Re: Letter Request To Strike Hubbuch's Unauthorized "Supplemental" Motion Papers</u>

Dear Judges Broderick and Lehrburger,

  My office represents Defendant Funding Metrics, LLC ("Funding Metrics"). I write to request that the Court strike Plaintiff's improper supplemental filing today (ECF Doc. 121), or, alternatively stay all deadlines to respond to any further motion filings by Hubbuch pending the decision on Funding Metrics' previously filed motion to dismiss.

  Hubbuch filed a meritless motion for sanctions against my client and me on September 19, 2025. Our opposition was due to be filed no later than October 3, 2025. Consequently, drafting and preparation were largely completed on October 1, 2025, and finished on October 2, 2025. I filed our opposition papers today on October 2, 2025, one day before the deadline to serve opposition. ECF Docs. 122 and 123.

  However, it appears that earlier today, one day before our opposition deadline, Hubbuch filed and served a new set of papers demanding sanctions against me and my client because post-judgment enforcement activity has been ongoing against non-party Memphis Seoul, LLC, and a post-judgment information subpoena with restraining notice was recently served on him. ECF Doc. 121. These allegations are not even the basis for his meritless sanctions motion. It's essentially a new frivolous sanctions motion, without any effort to comply with the formalities for a new Rule 11 motion. The content of his papers would not be properly considered on a reply brief. To be frank, this is a continuation of Hubbuch's pattern of spamming court dockets with frivolous papers to harass Funding Metrics.

  Funding Metrics would be prejudiced if it were required to continuously revise and rewrite new or additional motion oppositions to comport with Mr. Hubbuch's practice of rolling, untimely motion papers. Moreover, it would be unfair if Funding Metrics was required to wait until the last minute to respond to his filings so as to ensure he does not intend to file additional moving papers two weeks after the fact. Respectfully, Hubbuch's unauthorized supplemental motion papers (ECF Doc. 121) should be stricken and not considered on his sanctions motion or, alternatively stay all deadlines to respond to any further motion filings by Hubbuch pending the decision on Funding Metrics' previously filed motion to dismiss.

  Thank you kindly for the Court's attention to this matter.

  

170 Old Country Road
Suite 608
Mineola, New York 11501

Office: 516-260-7367

cmurray@murraylegalpllc.com
www.murraylegalpllc.com



Sincerely,

/s/ Christopher R. Murray

Christopher R. Murray, Esq.

Murray Legal, PLLC

170 Old Country Road, Suite 608

Mineola, New York 11501

Tel: (516) 260-7367

cmurray@murraylegalpllc.com

cc via ECF:
All parties

Granted in part. Any deadline to respond to Plaintiff's filing on October 2, 2025, at Dkt. 124, or any subsequent motion filings by Plaintiff, are stayed pending decision on Defendant Funding Metrics LLC's motion to dismiss.

SO ORDERED:

10/9/2025

HON. ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

170 Old Country Road
Suite 608
Mineola, New York 11501

Office: 516-260-7367

cmurray@murraylegalpllc.com
www.murraylegalpllc.com